

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00040-CR

———————————————

OSCAR TINAJERO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13900

Before Gabriel, Kerr, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

A grand jury indicted Oscar Tinajero with one first degree felony count of fraudulent use or possession of fifty or more items of identifying information, *see* Tex. Penal Code Ann. § 32.51(b)(1), (c)(4), and with one state jail felony count of possessing less than one gram of methamphetamine, a controlled substance, *see* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a)–(b).  The indictment contained two enhancement paragraphs alleging that before committing these offenses, Tinajero had been finally convicted of two felonies.[1]  A jury found Tinajero guilty on both counts and found both enhancement paragraphs to be true.  The jury assessed Tinajero's punishment on the first count at fifty years' confinement, and it assessed his punishment on the second count at ten years' confinement.  The trial court sentenced Tinajero accordingly and ordered the sentences to run concurrently.  Tinajero timely filed a notice of appeal.  We affirm the methamphetamine-possession judgment, modify the court costs assessed in the fraudulent-use-or-possession judgment (and incorporated funds withdrawal order), and affirm that judgment as modified.

Tinajero's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  *See* 386 U.S. 738,

---

[1]The record discloses that both of these prior felonies were state jail felonies.

744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Tinajero of the motion to withdraw, provided him with a copy of the *Anders* brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate Tinajero's review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Tinajero filed a pro se response, in which he alleges that (1) his due-process rights were violated because both his trial counsel and the trial court failed to adequately explain the charges to him; (2) the appellate record is incomplete; (3) the evidence is insufficient to support his conviction on count one; and (4) his trial counsel rendered ineffective assistance. The State did not file any response to counsel's *Anders* brief or to Tinajero's pro se response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding). Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

3

We have carefully reviewed counsel's brief, Tinajero's pro se response, and the record in this case. In that review, we discovered that some costs imposed are not supported by the record.

First, the trial court included a $25 "Time Payment Fee" as part of the $579 in total court costs it assessed against Tinajero in its judgment of conviction for the fraudulent-use-or-possession charge. As we recently observed, Section 133.103 of the Local Government Code provides that a person convicted of a felony shall pay a fee of $25 if he "pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *See Prescott v. State*, No. 02-17-00158-CR, 2019 WL 2635559, at *5 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op., not designated for publication) (citing Tex. Loc. Gov't Code Ann. § 133.103(a)). Under the language of this provision, the $25 late-payment fee can be assessed only if the convicted party pays any part of the fines, court costs, or restitution assessed against him more than thirty days *after* the trial court entered the judgment. *See* Tex. Loc. Gov't Code Ann. § 133.103(a); *Prescott*, 2019 WL 2635559, at *5. But here, the trial court included this $25 late-payment fee *in the judgment it entered*, which is "before the condition triggering the assessment of the [fee]—late payment—could have occurred." *See Prescott*, 2019 WL 2635559, at *5. The record therefore does not support the assessment of the $25 Time Payment Fee against Tinajero, and we accordingly modify the trial court's fraudulent-use-or-possession judgment and incorporated order to withdraw

4

funds and the bill of costs to delete this fee. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has authority to modify a judgment in an *Anders* appeal); *see also Prescott*, 2019 WL 2635559, at *5 (holding that the record did not support the assessment of a fee under Section 133.103(a) where the record demonstrated that the trial court had included the fee in its judgment and modifying the judgment to delete the fee).

Second, the trial court included a $150 "Capias Warrant Fee" as part of the previously noted $579 in court costs. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $50 for the executing or processing of an issued arrest warrant or capias but only $5 for a warrantless arrest. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(1)–(2). Here, the record shows that Tinajero's initial arrest was a warrantless one that stemmed from a traffic stop. No arrest warrants appear in the record for any subsequent arrest, nor do any capiases even though Tinajero included "any [c]apias[es]" in his written designation of documents to be included in the appellate clerk's record. Because Tinajero's initial arrest was a warrantless one and no arrest warrants or capiases appear in the record, the $150 in capias warrant fees are not supported by the record. The fee assessed should have been a $5 warrantless arrest fee. *See id.* art. 102.011(a)(1). We thus also modify the fraudulent-use-or-possession judgment and incorporated order to withdraw funds and the bill of costs to delete $145 from the total court costs assessed. *See Guerin v. State*, Nos. 02-18-00509-CR, 02-18-00510-CR, 2019 WL

5

4010361, at \*2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication); *Gonzalez v. State*, No. 02-17-00373-CR, 2019 WL 983699, at \*2–3 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (per curiam) (mem. op., not designated for publication).

Except for these improperly imposed fees, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support it. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we (1) grant counsel's motion to withdraw, (2) affirm the methamphetamine-possession judgment, (3) modify the fraudulent-use-or-possession judgment and incorporated order to withdraw funds to delete the $25 time payment fee and $145 of the capias warrant fee, (4) affirm the fraudulent-use-or-possession judgment as modified, and (5) modify the bill of cost in the same manner, so that it assesses only $409 in total court costs.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 24, 2019

6